Rockingham, Feb. 5, 1952. } No. 4076.

ANNA A. MOORE *v*. WILLIAM E. DAILEY & a.

*Frederick J. Grady, Hughes & Burns* and *Robert E. Hinchey (Mr. Hinchey* orally), for the plaintiff.

*Gordon M. Tiffany,* Attorney General, *John N. Nassikas,* As-

sistant Attorney General, and *Arthur E. Bean, Jr.*, Law Assistant (*Mr. Nassikas* orally), specially for the State.

The defendant William E. Dailey, filed no brief.

BLANDIN, J. It is too well established to require extended citation that the State can not be sued without its consent. *Rothrock* v. *Loon Island*, 96 N. H. 421. It also seems clear under our law that the trustee process here is actually a suit against the State (*Klinger* v. *Cartier*, 96 N. H. 180) and as such it is barred unless there has been a waiver by the State of its immunity. Concededly, there is no express statute which may be so construed and we do not believe Laws 1951, *c.* 243 which has been called to our attention, authorizes by implication any such radical departure from our long established rule as to permit judgment against the State by trustee process. The only provision in our statutes specifically permitting trustee process on the State (R. L., *c.* 412, *s.* 9) does not include such cases as the present, which is a powerful, if not conclusive argument against the plaintiff here. *State* v. *Wilton Railroad*, 89 N. H. 59, 61, and cases cited. However, the plaintiff claims that specification 7.12 of the State Highway Department's specifications adopted by the department, "an agency of the State," is a waiver in fact. This specification so far as material provides that the contractor shall save harmless the State from all actions on account of any injuries sustained by any person due to negligence of the contractor, or claims arising under the workmen's compensation law. It further provides that so much of the money due the contractor as the Highway Commissioner may deem necessary may be "retained for the use of the State, or in case no money is due, his Surety shall be held until such suit . . . or claim . . . shall have been settled and suitable evidence to that effect furnished to the Commissioner." We do not believe this specification can be construed as any express or clearly implied waiver by the State or as any delegation of authority to the State Treasurer to waive its immunity. *Bow* v. *Plummer*, 79 N. H. 23; *State* v. *Kimball*, 96 N. H. 377, 380. The plaintiff argues persuasively that this results in an injustice in this instance since this defendant, a non-resident, has no other property here except the funds in question. She also claims that the policy upon which the immunity of the State rests will not be affected if we hold the trustee liable. However, as against the clear and established policy of our law, which has substantial merit to support it, these arguments

cannot prevail. It follows there must be

*Judgment for the defendant trustee.*

All concurred.